L. C. JURY v. SUSAN B. SHEARMAN ET AL.

(February 7, 1880.)

SUBSTITUTING LOST PAPERS IN A SUIT — DEPOSITIONS — STATUTE CONSTRUED. — When depositions on file in a cause pending are lost or destroyed, they may be substituted under the provisions of the statute. P. D., arts. 4969 and 4970.

APPEAL from McLennan county. Opinion by WALKER, J.

STATEMENT. — December 11, 1873, Jury brought suit in the district court of McLennan county to subject certain lands described in the petition to the vendor's lien.

The facts relied on are, that in 1856 one Ben. Cage sold the lands to one A. E. Handley, who executed his obliga-

tion for the purchase money. That Handley died leaving a widow, Susan, who subsequently married Shearman, and a daughter, Eliza, who married Cooper, all of whom were made defendants in the suit. That the administration on Handley's estate was closed and the property distributed; that September 28, 1862, after the marriage of the widow Susan, and in her husband's absence in the Confederate States army, she had executed to Cage her separate note for $821, the balance then due on the lands; that during the continued absence of her husband in the army she had acted as a *feme sole*, and had managed her property as such; and that the lands had been the homestead of the deceased, Handley, of his widow, and of the family formed by her second marriage; and that but for her renewal of the note Cage would have enforced collection, etc.

The defendants excepted to the petition and pleaded the coverture of Susan Shearman, September 28, 1862, when she made the note to Cage; denied that the note was for balance of purchase money, and alleging payment of the purchase, etc.

It seems that all the papers in the cause were destroyed by fire. The pleadings were supplied by copies by consent.

May 7, 1875, the cause was tried. On the day of trial counsel for plaintiffs filed a motion to substitute the depositions of Ben. Cage taken in the case and lost or destroyed by fire. The motion was supported by the oath of counsel and accompanied by an affidavit as to the substance of his depositions by witness, bearing date February 1, 1875, and made in De Witt county, Texas.

On same day the defendants filed a motion to exclude and strike from the file the paper "purporting to be the substance of the depositions of Ben. Cage," because, 1. There is no authority of law for the use of *ex parte* affidavits as evidence in the trial of causes. 2. Because the statement is not substantially the same as the deposition. 3. Because it shows that there was ample time to have retaken the depositions of the witness.

On same day another motion was filed by defendants, in which they asked the court to refuse and to overrule the motion of plaintiff to substitute Cage's depositions, because, 1. There was no sufficient reason given for granting it. 2. There is no law providing a mode for the substitution in manner and form as asked by plaintiff.

These objections were filed but a few minutes before the trial, and plaintiff's counsel had no notice until he had announced ready for trial. No formal action appears to have been taken upon any of these motions.

On the trial plaintiff read in evidence the note made by Mrs. Susan Shearman September 28, 1862. It was admitted that at the date of the note she was a married woman. The plaintiff "offered as evidence to the jury the substituted depositions of the witness, Ben. Cage;" the paper offered being Cage's sworn statement of the substance of his depositions which accompanied the motion to substitute. Which being objected to by defendant's counsel (as stated in the statement of facts), "was excluded by the court upon the ground that the deposition of said witness could not be substituted."

There was no other testimony. The court instructed the jury that as the note sued on was executed by a married woman, and there was no evidence as to its consideration, they should find for the defendants.

Plaintiff asked a new trial because of the erroneous exclusion of the substituted depositions of Cage, and because of surprise in such action of the court, alleging a former practice in the district courts to substitute depositions in the mode attempted in this case, and that plaintiff's counsel had no notice of objections until he had announced ready for trial. The motion was overruled and plaintiff appealed.

The questions arising upon the record, assigned as error and discussed by counsel, are, 1. The exclusion of proof of the depositions in evidence. 2. Overruling the motion for new trial for same reason and on ground of surprise.

The testimony of Cage was material in connecting the note made September 28, 1862, with the sale of the land to the husband of the defendant in 1856, and her subsequent occupation of the land as a homestead while a widow and after her second marriage.

It is not insisted that the lost depositions of the witness, Cage, were substituted under the general power of courts at common law to supply lost records. It is, however, insisted that the statute (P. D., arts. 4969 and 4970) gives the power to substitute such papers, and that it was literally complied with, so that plaintiff was entitled, as of right, to use the affidavit as substituted for the original depositions.

OPINION.— The statute (art. 4969) provides that when " the records and papers or any part thereof appertaining to the proceedings in any court in this state may have been or may hereafter be lost or destroyed," . . . "when (such) copies cannot be procured, then the contents of the records or papers so lost or destroyed may be established by other proof at the trial of the cause, so that such loss or destruction shall work no injury or alteration in the rights of the parties concerned."

Article 4970 provides the mode of proceeding: "Whenever any such loss . . . may occur, any party to the proceedings may file a motion in the cause, which shall be verified by oath, setting forth the loss or destruction, and, when certified copies cannot be produced, the substance of the contents of the writings lost or destroyed, and the cause shall then proceed in the ordinary way."

The term "papers" used in the caption and in the body of the act, and the more general term "writings," are extensive enough to include *depositions* on file in a cause pending. In this case certified copies of the depositions did not exist. Counsel, proceeding under the directions of the law, filed a motion in the cause, verified by his oath, setting forth the loss and destruction of the depositions and the substance of the contents of the writings lost. This being

done, the statute directs that the cause "shall then proceed in the ordinary way."

Upon the trial, plaintiff, having satisfied the conditions prescribed, was entitled to establish by proof the contents of the depositions so that the loss should work no injury.

We do not understand the statute to confer upon "*substance of the lost document*," accompanying the motion to substitute, the dignity and force of the original by force of the mere filing the same. The right is secured to proceed to prove, by parol, examined copy, or by any competent proof, the contents as evidence.

But the affidavit and accompanying substance of the depositions was not offered as a predicate for the proof by other testimony of the original, but as *the substituted depositions*, and it was rejected by the court because or "upon the ground that the depositions of said witness could not be substituted."

The ruling of the court excluding the documents offered as, or instead of, and supplying the lost original, was not in itself erroneous; but the further ruling at the time made, that the depositions could not be substituted, may have, and doubtless did, prevent further effort to prove the contents or produce evidence supplying the loss. We do not think that counsel for plaintiff, upon such announcement by the court, endangered the rights of his client by a failure again to formally tender the rejected papers as a predicate, when it had been already announced that it would be unavailing to secure the testimony. We may suppose that plaintiff could have produced evidence as to contents, etc., had further investigation been allowed.

The result of the exclusion was to deprive the plaintiff of the testimony of the witness. Injury was suffered by the loss or destruction of the original in that, though the statute may have been complied with, the right to prove the lost testimony of Cage was denied.

The second ground in the assignment of error — the surprise at the ruling of the court; ignorance of the exceptions

before his announcement, etc.,— we do not think adds materially to the strength of the appellant's case.

It does not appear but that counsel for plaintiff knew of defendant's objections to the proceedings to substitute the depositions before the trial was entered, having notice by the time he had announced ready.

We think action upon the defendant's exceptions to the testimony should have been invoked before going into the trial, and upon an adverse ruling plaintiff should have applied for a continuance to again obtain the depositions.

But as the plaintiff, by the ruling of the court, was deprived of a statutory right to the testimony upon which his case rested, we regard the ruling causing the injury an error such as to require a reversal of the case.   The ruling held error was the decision against the right to substitute, the effect of which was to deprive plaintiff of his testimony.